**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| LARRY MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00039-SEP |
| | ) | |
| RYAN CREWS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Larry Murphy's application to proceed in the district court without prepaying fees or costs Doc. [3]. Having reviewed the application, the Court finds that Plaintiff lacks sufficient funds to pay the entire filing fee and assesses an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). The Court also dismisses this action without prejudice for the reasons set forth below.

**INITIAL PARTIAL FILING FEE**

A prisoner bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20% of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Because Plaintiff has not submitted a prison account statement, he will be required to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information

the court has about the prisoner's finances"). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff Larry Murphy, a Missouri inmate currently incarcerated at Southeast Correctional Center (SECC) in Charleston, Missouri, brings this action pursuant to 42 U.S.C.

§ 1983, alleging violations of his civil rights. He names as Defendants Correctional Officer Ryan Crews, a guard at Northeast Correctional Center (NECC), in Bowling Green, Missouri, as well as two Unknown Officers and an unnamed Warden at NECC. Doc. [1] at 2-3. Plaintiff sues Defendants in their individual and official capacities. *See id*.

Plaintiff claims that in November of 2023, during his incarceration at NECC, he was assaulted by another inmate and transferred from his cell into Temporary Administrative Segregation while awaiting a cell in Protective Custody. Doc. [1] at 4-5*; see also* Doc. [1-4] at 5-11. He asserts that unknown officers packed the property in his cell, but they failed to provide him with a property sheet for the items he bought from the canteen. Doc. [1] at 4. Plaintiff does not specify which officers packed his cell and failed to provide him with a property list.

Plaintiff alleges that several items of property went missing from his cell, including: (1) 50 forever stamps; (2) a zip-up fleece sweatshirt; (3) 50 envelopes; (4) tube socks; (5) cotton shorts; (6) 2 pitchers with lids; (7) boxer briefs; (8) a blue towel; (9) a blanket; and (10) a television. Doc. [1-4] at 3, 6.

Plaintiff seeks either return of his property or damages. Doc. [1] at 5.

## DISCUSSION

### I. Plaintiff fails to allege individual involvement by any Defendant in a deprivation of his rights.

"Government officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (internal citations omitted). "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights*."* *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).

Plaintiff has listed Defendants Ryan Crews, an unknown Warden at NECC, and two unknown correctional officers at NECC in the caption of the Complaint, but he has failed to adequately allege that each of these Defendants personally engaged in conduct that deprived him of a federally protected right. In other words, although he lists Defendants in his Complaint, he has not indicated which of the Defendants allegedly took the property out of his cell and failed to list it on a property sheet and/or failed to give the property back to him. Therefore, the

Complaint fails to state a claim against any of the individual Defendants. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.").

**II. Plaintiff's official capacity claims fail under § 1983 and the Eleventh Amendment.**

A suit brought against a state official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989). In other words, the real party in interest in an official capacity suit is not the named official but the governmental entity. *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016).

But "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will,* 491 U.S. at 71; *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (A "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983."). And in the absence of a waiver, the Eleventh Amendment bars suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.,* 147 F.3d 741, 744 (8th Cir. 1998).

Here, Plaintiff alleges that Defendants are employees at NECC, which, as part of the Missouri Department of Corrections, is a state agency of Missouri. As official capacity claims against the State of Missouri, Plaintiffs' official capacity claims against Defendants are barred because a state is not a "person" for purposes of § 1983 and by the Eleventh Amendment.

**III. Plaintiff's loss of property claims fail because there is a meaningful post-deprivation remedy available.**

To state a constitutional violation for a deprivation of property, a plaintiff must demonstrate that there is no meaningful post-deprivation remedy. *See Clark v. Kansas City Missouri Sch. Dist.*, 375 F.3d 698, 702 (8th Cir. 2004) ("When a state employee's unauthorized, random acts deprive a person of property, the state employee's acts do not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available"). Missouri provides an adequate post-deprivation remedy. *See Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990). Specifically, an individual claiming the right to possession of personal property may bring an action in replevin.

Mo. R. Civ. P. 99.01; *see also Allen v. City of Kinloch,* 763 F.2d 335, 337 (8th Cir. 1985) (plaintiff seeking return of personal property under 42 U.S.C. § 1983 failed to establish a violation of his constitutional rights because he could obtain adequate relief by filing a replevin action under Missouri law). Plaintiff cannot make a constitutional claim for loss of property in this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed *in Forma Pauperis*, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $1.00 within 30 days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [3], is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 8th day of August, 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE